PER CURIAM.
Casualty Reciprocal Exchange Company (Casualty) appeals a judgment rendered against it on a rule to show cause, finding it liable for legal interest from the date suit was filed against the tort-feasor rather than the date suit was filed against Casualty-
Plaintiff was injured in an automobile accident and initially sued the tort-feasor and the tort-feasor’s liability insurer on May 10, 1982. Subsequently, plaintiff added his own underinsured motorist carrier, Allied Insurance Company (Allied), by first supplemental and amending petition filed *1260 on October 19, 1982. More than a year later, on October 27, 1983, he amended his petition a second time and added Casualty, his father’s underinsured motorist carrier.
After settling with the tort-feasor and the tort-feasor’s liability insurer, plaintiff dismissed those parties on May 21, 1984, reserving his right to proceed against both underinsured carriers. The trial court found that Casualty’s policy could be stacked with Allstate’s, with Allstate being primary carrier and Casualty secondary carrier. Following a jury trial on May 23, 1984, judgment was returned against the underinsured carriers in the amount of $186,500. Said judgment limited the liability of Allstate[1] to its policy limits of $100,-000 and Casualty to its policy limits of $50,000, plus legal interest from date of judicial demand until satisfied.
Subsequently, Casualty tendered $54,701 to plaintiff, which represented $50,000, plus legal interest from October 27, 1983, the date Casualty was added to the lawsuit. Plaintiff refused to discharge Casualty, claiming that the legal interest should run from the date the original lawsuit was filed, May 10, 1982.
Casualty then filed a rule to show cause why the judgment should not be marked satisfied and the defendant discharged from any further obligation. The trial court denied Casualty's request, finding Casualty liable as a solidary obligor for legal interest from the date suit was filed against the tort-feasor, reasoning:
There is no doubt that interest runs from date of judicial demand. The general rule, in cases involving multiple defendants, is that the date of judicial demand is the date the party cast in judgment was added to the lawsuit. See Cork [Cook] v. Deshautreaux and Klein Pediatric Clinic et al., 315 So2d 405 (La. App. 4th Cir.1975). However, the Cook case did not involve solidary obligors.
Plaintiff relies on the case of Hoefly v. Government Employees Is. Co., 418 So2d 575 (La.S.Ct.1982).
The Hoefly case holds that an uninsured motorist carrier is liable in solido with a tort-feasor so that suit against the tort-feasor interrupts prescription against the uninsured motorist.
The Court stated at page 579 of the opinion that “When payment is made by either the tort-feasor or the uninsured motorist carrier the other is exonerated toward the creditor as to the solidary obligation. This is a direct consequence of each debtor being obliged to the same thing so that each may be compelled for the whole, as if he were the sole debtor.”
The Court also stated at page 578 of the opinion, “This requisite of solidarity is satisfied in the case of uninsured motorist and the tort-feasor because neither may plead the benefit of division, as if each were alone. To permit the tort-fea-sor or uninsured motorist carrier to plead the benefit of division would be inimical to the legislative aim of the uninsured motorist statute. The object of the legislation is to promote full recovery of damages by innocent automobile accident victims by making uninsured motorist coverage available for their benefit as primary protection when the tort-feasor is without insurance and as additional or excess coverage when he is inadequately insured.”
The Court is satisfied that, based on the Hoefly case, Casualty Reciprocal Exchange Company is liable in solido with the tort-feasor. Therefore, they are liable for interest from the date suit was filed against the tort-feasor, i.e. May 10, 1982.
After a thorough review and evaluation of the record, we are convinced that the evidence supports the facts found and the reasons assigned by the trial judge and affirm at appellant’s costs.
AFFIRMED.

. Penalties and attorney's fees were also awarded against Allstate.